In The United States District Court
For The District of Delaware



Charles F. Cardone,
Plaintiff,

V.

Warden Thomas Carroll, and Correctional Medical Services,
Defendants

U.S. District Judge
& Kent A. Jordan

Jury of Twelve Demanded

Civ. Act. No. 06-151-KAJ

Plaintiff's Request Before the Court To Submit Additional, Supporting Informations

Plaintiff, Charles F. Cardone, acting pro se, submits the following:

1. Defendant, Correctional Medical Services ("CMS"), by and through its attorneys, Morris, James, Hitchens + Williams LLP, responded incompletely to the Court's June 27, 2006 Order directing it to respond to Plaintiff's Motion for a Preliminary Injunction and Tempory Restraining Order (the "Motion").

2. Plaintiff hereby submits additional, supporting informations to his August 6, 2006, ANSWER to the above incomplete and erroneous responses by Defendants found in No. 1, above. these additional, supporting informations are submitted to the Court as follows:

A. Defendants incomplete statements and

(Con't) →

FILED
SEP - 6 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

misrepresentations to the Court found in Background on pages 1 and 2 of their Response is corrected as follows:

a. Not only has Plaintiff stated, in his averments to the Court and to Defendants, that he "has not received his medication, or has failed to receive appropriate medication," Plaintiff now states that: Since Plaintiff's transfer to DCC from SCI, on May 23, 2005, he has been denied prescribed medication ... my repeated requests, via sick call forms, submitted to the Court and Defendants, shows a constant deliberate indifference by Defendants in their "failure to provide adequate medical treatment", to Plaintiff. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

b. that Plaintiff's repeated notices to CMS (Dr. Rogers, Dr. Cannuli, DR. Ali, et al.) has demonstrated "the deliberate deprivation of adequate medical care and/or the defendant's actions and failures to act despite his or hers knowledge of a substantial risk(s) of serious harm(s)."

(Con't) →

Davis v. Warden Carroll, et al., Defendants.

c. Plaintiff has alleged and averred that CMS and Carroll have violated his rights under our 8th Amendment to be free of cruel and unusual punishment, by their failure to provide, on a timely basis, adequate requested diagnostic procedures and tests based upon the documented medical records of SCI's Plaintiff's medical needs.

d. Plaintiff, pursuant to Defendant's own submissions to the Court, has showed, and continues to show, that SCI's medical agents, as well as CMS, that those and these officials acted, and are acting, willfully and/or with subjective recklessnesses. Id. (citing Farmer v. Brennan, 511 U.S. 825, 842 (1994)). Thus, my motion is not moot and must be granted.

B. Plaintiff's complaints, (thus, ~~this is~~ his application to the Court for monetary relief and preliminary injunction to order CMS to adequately treat Plaintiff,

(Con't) →

do show that he (1) is reasonably likely to succeed on the merits, and (2) will likely experience irreparable harm.

C. that Plaintiff has shown his allegations and averments are sufficient to demonstrate a pattern of deliberate indifference to his medical needs.

D. that Carroll and Rundle, having authority over subordinate CMS, may be held liable because they "had actual knowledge of or acquiesced" in my complaints of conduct of their subordinate's and were (are) the moving force behind the constitutional violation and exhibition of "deliberate indifference to plaintiff's plight." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Whereas, Plaintiff Cardone states to this Honorable Court that Defendants are liable in their individual capacities. Cardone asks for Fifty thousand Dollars ($50,000.00) in compensation for past and present liabilities of defendant's and defendant's supervisors as they knew (know) of and/or ac-

(Con't) →

quiesced in violating Plaintiff's rights and were deliberately indifferent to Plaintiff's medical, physical, and mental documented disabilities; and that defendants, defendant's supervisors (John Rundle and Warden Carroll as supervisors)... Drs. ALI, Rogers, Cannuli, and Mental Health Dept. of Delaware Correctional Center demonstrated and continue to demonstrate at the time and date of this Motion before the Court, ~~as~~ have taken, and are taking, inadequate and/or insufficient measures to attend to Plaintiff's medical needs. Lastly... accordingly, Plaintiff concludes, and requests the Court to conclude, that Plaintiff has sufficiently stated a claim of supervisory and supervisor's agents liability. That the Court orders Warden Carroll, Correctional Medical Services, Inc., First Correctional Medical Services, Inc., and their named subordinate's award Plaintiff compensatory and punitive monetary damages aforementioned. Here, Plaintiff alleges that Defendants are liable in their individual capacities and does not

(Con't) →

seek compensation from the State, and, to conclude that Plaintiff Cardone's suit is not barred by sovereign immunity under the Eleventh Amendment.

Charles F. Cardone, pro se
SBI # 098159-DCC
Bldg. (21) CU3
1181 Paddock Road
Smyrna, DE 19977

Date: August 30, 2006

# Certificate of Service



I, Charles F. Cardone, hereby certify that on this day 1 of Sept. 2006 I have handed this Motion To Submit Additional, Supporting Informations to a DCC prison guard, to send said Motion by First Class U.S. Mail in a prepaid envelope, to be mailed to Delaware District Court and a copy to:

Amy A. Quinlan, Esq.
222 Delaware Avenue
Wilmington, DE 19801
P.O. Box 2306
Wilmington, DE 19899
Attorny for CMS.

by:

Charles F. Cardone
SBI # 098159 - DCC
Bldg. (21) CU3
1181 Paddock Road
Smyrna, DE
19977

Dated: Sept. 1, 2006

I/M Charles F. Cardone
SBI# 098159 UNIT Bldg (21) C U 3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004608975
$ 00.63⁰
SEP 05 2006
MAILED FROM ZIP CODE 19977

U.S. District Court
844 N. King St., Lockbox 18
Wilmington
DE
19801

Pow-mia

19801+3519-99 C012