IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES F. CARDONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-151-KAJ |
| | ) |
| WARDEN THOMAS CARROLL | ) |
| and CORRECTIONAL MEDICAL | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

### I.   BACKGROUND

Plaintiff, Charles F. Cardone ("Cardone"), an inmate housed at the Delaware Correctional Center ("DCC"), moves the court for a temporary restraining order. (D.I. 15.) Cardone alleges he has ongoing health problems and is not receiving appropriate medication. He seeks injunctive relief to enjoin Correctional Medical Services ("CMS") from stopping and starting his medication for days at a time. He contends this is done to require him to pay monies to "restart" the dispensing of his medications. Cardone also asks that, when requested, CMS employees be required to provide their names.

I ordered defendants to respond to the allegations. A response was filed, with medical records and reports attached as exhibits. (D.I. 22.) Cardone filed a reply entitled, "request before the court to submit additional supporting information" (D.I. 30), and defendants responded to that request. (D.I. 31.) For the reasons that follow, I will deny the motion for a temporary restraining order, and I will grant the request to submit additional supporting information.

## II. STANDARD

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

## III. DISCUSSION

CMS argues that Cardone is not entitled to injunctive relief because he has failed to meet the standards for injunctive relief. It argues that Cardone has failed to state a claim pursuant to 42 U.S.C. § 1983, as he can show neither disregard nor harm. CMS also contends that Cardone's request for injunctive relief is moot because he is receiving the relief requested in the motion and is receiving medical care on a regular basis. As mentioned, CMS submitted records in support of its position, and I have reviewed them.

Cardone was housed at the Sussex Correctional Institute ("SCI") and transferred to DCC. Cardone's motion refers to three grievances he filed; #15152 dated July 2,

2005, #16658 dated August 18, 2005, and #16799 dated August 26, 2005. In grievance #15152, Cardone complained that he was not receiving medications he was prescribed at SCI and he was not being assigned to a lower bunk. In grievance #16658, Cardone, who has chronic back pain, complained that DCC and its medical staff were withholding pain medication. In grievance #16799, Cardone indicated that, according to medical magazines, new medications were available to treat herpes, and he requested that he be prescribed those medications.

The medical records indicate that, from November 2005 through August 2006, Cardone was prescribed the following medications: Celexa, Prozac, Ditropan, Periactin, Verapamil, Vasotec, Lasix, Dilantin, Ditropan, Baclofen[1], Ultram[2], Benadryl, and Tylenol (D.I. 22, Ex. B.), and the medication administration records from November 2005 through July 2006 indicate that Cardone was administered his medication. (D.I. 22, Ex. C.) I was not provided with medication records prior to November 2005.

Cardone began complaining in July 2005 about the administration, or lack, thereof, of pain medication. On August 4, 2005, he complained that he was not receiving his evening medications and was told that his medications had expired. (D.I. 22, Ex. B.) Cardone was seen on August 15, 2005, complaining of back pain and

---

[1]Baclofen is a muscle relaxant and an antispastic agent. It is used to relieve muscle spasms and pain. http://www.drugs.com.baclofen.html.

[2]Indicated for the management of moderate to moderately severe pain in adults. http://www.ortho-mcneil.com.

requested he be given Tylenol #3.[3] *Id.* At that time, Ultram was added as a medication. *Id.*

On October 8, 2005, Cardone complained that he was not being prescribed proper medication for his back. *Id.* He was seen on October 18, 2005, and assessed as stable. His next complaint, on November 9, 2005, was that he did not receive the same medications on a daily basis. *Id.* The charge nurse was notified and medication was ordered from the pharmacy. *Id.* As of December 1, 2005, Cardone continued to complain of back pain and wanted his medications renewed. *Id.*

It appears from the record that during the spring of 2006 Cardone was "in the hole." (D.I. 15.) On June 18, 2006, Cardone resumed his quest for pain medication, complaining that CMS stopped his pain medication. (D.I. 22, Ex. B.) The records indicate that Cardone was advised during a June 2, 2006, medical visit that medication had not been prescribed. (D.I. 22, Exs. B, C.)

Cardone was taken off NSAIDs (nonsteroidal anti-inflamatory drugs) because it was felt they contributed to a decrease in his Dilantin level. (D.I. 22, Ex. B.) Baclofen was ordered on July 7, 2006 and Ultram was discontinued due to possible liver side effects. *Id.* Cardone was ordered Tylenol, 1000 mg. every day, for 14 days. *Id.* When a hearing was held on grievance #16658, Cardone stated that Ultram did not help him and that Baclofen only worked for a short time. (D.I. 22, Ex. A.) He requested that he be given Tylenol #3, but the request was denied. *Id.*

---

[3] Contains Acetaminophen and Codeine and is used to treat mild to moderate pain. http://www.drugdigest.org.

Cardone contends that as of June 11, 2006, CMS had not addressed his grievance wherein he requested "new medications" for treatment of herpes. (D.I. 15, Ex. C.) Medical records indicate that in February 2006, Cardone requested Benadryl for itching due to herpes and was prescribed Periactin, which was on the formulary instead of Benadryl. (D.I. 22, Ex. B.) He also complained that he received smaller doses than what he normally received. *Id.* On May 23, 2006, Cardone complained of a genital outbreak and again he was prescribed Periactin. *Id.* He continued to receive it in June and July 2006. *Id.* at Ex. C.

The medical records indicate that there may have been a problem with the administration of medication in July and August of 2005. Nonetheless, medication issues were addressed and Cardone ultimately received medication to treat his conditions, albeit not necessarily the medications he preferred to be given. Indeed, the earliest medical records provided to me indicate that by November 2005 Cardone was being administered Baclofen, Benadryl, and Ultram and that he continued to receive medication for the complained of conditions through July 2006, although the medications being administered were Periactin, Baclofen, and Tylenol. Given the exhibits submitted to the court, Cardone has not demonstrated the requisites necessary for issuance of a temporary restraining order, particularly the prong requiring a showing of irreparable harm. Nor has demonstrated a likelihood of success on the merits.

## IV.   CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED this 13th day of October, 2006, that the motion for a temporary restraining order is (D.I. 15) is **DENIED**. The request to submit additional supporting information (D.I. 30) is **GRANTED** and the information contained therein considered.

                                                                                               _____
                                                                                                UNITED STATES DISTRICT JUDGE

Wilmington, Delaware