IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES F. CARDONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) C.A. No. 06-151 KAJ | |
| | ) | |
| WARDEN THOMAS CARROLL, | ) TRIAL BY JURY OF TWELVE DEMANDED | |
| CORRECTIONAL SERVICES MEDICAL | ) | |
| (formerly known as First Correctional | ) | |
| Medical Co.) and JOHN RUNDLE, | ) | |
| | ) | |
| Defendants. | ) | |

**RETURN OF WAIVER OF SERVICE OF SUMMONS FOR JOHN RUNDLE**

MORRIS JAMES LLP

_____

Amy A. Quinlan (ID # 3021)
500 Delaware Avenue, Suite 1500
P. O. Box 2306
Wilmington, DE 19899
(302) 888-6886
Attorneys for Defendants CMS and John Rundle

Dated: Dec. 1, 2006

## RETURN OF WAIVER OF SERVICE OF SUMMONS

I acknowledge receipt of the request that I can waive service of summons in the matter of C.A. No.**06-151** in the United States District of Delaware. I have also received a copy of the complaint in the action, two copies of this form, a copy of the Order of the Court authorizing service and a means by which I can return the signed waiver without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4. I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court, except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgement may be entered against the party on whose behalf I am acting if a response is not served and filed within **60** days after: <u>October 18, 2006.</u>

Date: __12/1/06__

__John Rundle__ by _Amy A. Quinlan_ (# 5021)
Signature of Defendant    / Printed or Typed Name    AMY A. QUINLAN, ESQ.

## DUTY TO AVOID UNNECESSARY COST OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary cost of service of the summons and the complaint. **A defendant located in the United States, who, after being notified of an action and asked to waive service of summons on behalf of a plaintiff located in the US, fails to do so will be required to bear the cost of such service unless good cause be shown for that defendant's failure to sign and return the waiver.**

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over defendant's person or property. A defendant who waives service of summons retains all defenses and objections, except any relating to the summons or the service of summons, and may later object to the jurisdiction of the Court or to the place to where the action has been brought.

A defendant who waives service must within the time specified on the "Return of Waiver" form served on plaintiff, if unrepresented or on plaintiff's attorney, a response to the Complaint and must also file a signed copy of the response with the Court. If the answer or a motion is not served within this time, a default judgement may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## **CERTIFICATE OF SERVICE**

I, Amy A. Quinlan, hereby certify that on this 1st day of December, 2006, I have caused

two (2) copies the following documents to be served on the parties listed below:

**RETURN OF WAIVER OF SERVICE OF SUMMONS FOR JOHN RUNDLE**

By First Class U.S. Mail to:

Charles F. Cardone (*pro se*)
SBI #098159
DCC
Smyrna, DE  19977

_____
Amy A. Quinlan (#3021)