IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHARLES F. CARDONE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-151-*** |
| | ) | |
| WARDEN THOMAS CARROLL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS CORRECTIONAL MEDICAL SERVICES, INC'S AND JOHN RUNDLE'S MOTION TO DISMISS**

STATEMENT OF FACTS

Defendant Correctional Medical Services, Inc. ("CMS") is a private corporation that has provided medical care for inmates. CMS contracted with the State of Delaware to provide medical services in Delaware prisons from July 1, 2005 through the present. Defendant, John Rundle, is an employee of CMS. Plaintiff Charles F. Cardone is an inmate within the custody of the Department of Correction ("DOC") incarcerated at the Delaware Correction Center ("DCC") in Smyrna, Delaware.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth Amendment to the United States Constitution. He appears *pro se* and on March 16, 2006 was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 3). His original complaint was screened by the Court and subsequently dismissed with leave to amend on June 13, 2006 (D.I. 14). On July 26, 2006, plaintiff filed a Motion to Admit Statement, which the Court has construed to be plaintiff's Amended Complaint. (D.I. 21). On October, 13, 2006, the Court granted plaintiff's request to amend the complaint once more to add John Rundle as an additional defendant to this action (D.I. 29, 33) (The "Second Amended Complaint"). The various complaints when read together attempt to allege a claim against CMS and John Rundle for inadequate medical care by failing to administer certain medications and answering sick calls on a timely basis.

After the Order dismissing the initial complaint (D.I. 3) but before the Amended Complaint was filed, plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, pursuant to 42 U.S.C. § 1983 (the "Motion"), in which he also alleged that CMS failed to provide plaintiff with proper medical care. (D.I. 15). CMS filed its response to that Motion on July 28, 2006 (the "Response") (D.I. 22) and argued, among other things, that

plaintiff failed to state a claim pursuant to 42 U.S.C. § 1983 because plaintiff failed to show that CMS was deliberately indifferent to a serious medical need. Specifically, CMS argued that the medical records which it attached in support of its Response clearly indicated that plaintiff has received proper medical care through examinations and the administration of medication. Thus, because plaintiff was receiving appropriate care, his Motion was moot and must be denied. On October 13, 2006, the Court agreed and denied plaintiff's Motion. (D.I. 32). After reviewing the medical records, the Court concluded that plaintiff was, in fact, receiving timely and appropriate medical care and denied plaintiff's Motion. (D.I. 32).

Defendants CMS and John Rundle now move to dismiss this action because plaintiff has failed to state a claim pursuant to 42 U.S.C. §1983. This is their memorandum in support of that Motion.

### A.   Standard of Review

When deciding a motion to dismiss pursuant to F.R.C.P. Rule 12 (b)(6), the factual allegations in the complaint must be accepted as true. This is especially true where, as here, the complaint is filed *pro se*. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While a *pro se* factual complaint can only be dismissed for failure to state a claim if it appears "beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), broad unsupported allegations, such as those alleged in the pleadings here, do not preclude dismissal and do not constitute a cause of action. *Compare Clyne v. Correctional Medical Services*, 2004 WL 502215, *2 (D.Del. 2004) (action dismissed where plaintiff failed to allege any facts to prove that defendants purposefully withheld plaintiff's medication).

**B.     Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983.**

In order to state a claim under § 1983 based on lack of adequate medical care, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97 (1976) (plaintiff's complaints based solely on the lack of diagnosis and inadequate treatment of his back injury did not rise to the level of a claim cognizable under § 1983). To show "deliberate indifference," a plaintiff must demonstrate a sufficiently culpable state of mind on the part of the defendant. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle,* 429 U.S. at 105-106. Nor can the claim rest solely on the prisoner's dissatisfaction with the medical care he has received. *Id.* at 107.

It would appear that the basis of plaintiff's claims is that he contends that his sick calls were not answered nor were his medications dispensed on a timely basis. As for the allegations against CMS, the law is clear that a private corporation cannot be held liable under a theory of *respondent superior* but can be held liable for a policy or custom that demonstrates deliberate indifferences. *Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1979). Moreover, personal involvement by each defendant in a civil rights action is essential. *Rhode v Dellarciprete,* 845 F.2d 1195, at 1207 (3rd Cir. 1988); *Swan v. Daniels,* 923 F.Supp. 626, 633 (D.Del. 1995). Personal involvement is shown through allegations of personal direction or of actual knowledge and acquiescence of an employee's actions by someone of authority within a corporation. *Rhode,* 845 F.2d at 1207. Such allegations are required to be "made with appropriate particularity." *Id.*

Plaintiff has failed to allege any personal involvement by CMS, in the form of personal direction or of actual knowledge and acquiescence, concerning plaintiff's alleged inadequate

medical treatment. Nor do the complaints identify a particular CMS custom or policy that would demonstrate deliberate indifference. As to Mr. Rundle, plaintiff has failed to allege that he personally committed any acts amounting to a deliberate indifference to plaintiff's medical needs. Rather, plaintiff would appear to have identified Mr. Rundle merely in light of his position as affiant whose statements were attached in support of CMS' Response to plaintiff's Motion. There he affirmed the identification of the records attached, as well as his understanding that the plaintiff was currently receiving his prescribed medications as indicated by those records. Plaintiff's unsupported broad assertions that CMS and Mr. Rundle have been indifferent as to plaintiff's health care, without more, cannot withstand dismissal here.

### C.     Plaintiff fails to allege deliberate indifference to a serious medical need.

Notwithstanding the above arguments, this action must be dismissed because plaintiff has failed to allege indifference to a serious medical need. In order to state a claim for Constitutional violations in a case alleging adequate medical treatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency.'" *Estelle,* 429 U.S. at 106. Specifically, the *Estelle* court clarified the standard by stating that:

> an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind.". . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Id.* At best, plaintiff alleges solely prior *negligent* treatment of medical condition. Specifically, plaintiff claims that answers to his sick calls were untimely and that his medications were either delayed or he was not given the medications of his choosing. There is no evidence of any intentional indifference to plaintiff's serious medical needs here.

Moreover, plaintiff's claims are inconsistent with the records which were submitted to the Court in support of CMS' Response to plaintiff's Motion and which the plaintiff specifically references as support in his Second Amended Complaint.[1] In the Order denying plaintiff's Motion, having considered the papers submitted by the parties and the exhibits thereto (including the medical records), the Court determined that while there may have been a problem with the administration of medication in July and August 2005, those "issues were addressed and Cardone ultimately received medication to treat his conditions, albeit not necessarily the medications he preferred to be given." (D.I. at 5). The fact that CMS' contract began in July 2005 and given the Court's finding that any previous issue have since been resolved, demonstrates CMS' commitment to providing appropriate healthcare and not an indifference to Mr. Cardone's medical needs. Again, as *Estelle* makes clear, these are not, as plaintiff alleges, cognizable claims under the Eighth Amendment.

WHEREFORE, Defendants CMS and John Rundle respectfully move this Court to grant dismissal, with prejudice, in their favor and against plaintiff.

MORRIS JAMES LLP

_____
Amy A. Quinlan (I.D. No. 3021)
P.O. Box 2306
Wilmington, DE 19899
Tel: (302) 888-6800
Attorneys for Defendants Correctional Medical Services,
Inc. and John Rundle

Dated: Dec. 18, 2006

---

[1] Plaintiff in paragraph 3 to the Second Amended Complaint states as follows:

> that John Rundle and CMS's allusions to 'correct copies of all relevant medical records' that are, indeed, in the possession of the Court, are clear and convincing evidence that John Rundle and his agent CMS employees have shown and continue to show, a deliberate indifference to my serious medical needs while continuously causing Plaintiff severe physical and mental pain as evidenced by Plaintiff's numerous sick call request forms provided to the Court by defendants Rundle and 'CMS', further denying Plaintiff proper medical care by refusing to timely respond to Plaintiff's numerous sick call requests for treatment.

## CERTIFICATE OF SERVICE

I, Amy A. Quinlan, hereby certify that on this 18th day of December, 2006, I have caused two (2) copies the following documents to be served on the parties listed below:

**MEMORANDUM IN SUPPORT OF DEFENDANTS CORRECTIONAL MEDICAL SERVICES' AND JOHN RUNDLE'S MOTION TO DISMISS**

By First Class U.S. Mail to:

Charles F. Cardone (*pro se*)
SBI #098159
DCC
Smyrna, DE  19977

_____
Amy A. Quinlan (#3021)

WS01 1496509v1