IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES R. CARDONE, )<br>          Plaintiff, )<br>          )<br>     v. )<br>          )<br>WARDEN THOMAS CARROLL, )<br>CORRECTIONAL MEDICAL SERVICES )<br>          )<br>          Defendants. ) | C.A. No. 06-151-***<br><br>Jury Trial Requested |

**DEFENDANT THOMAS CARROLL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (B)(1) AND 12(B)(6)**

STATEMENT OF FACTS

1.   Charles Cardone ("Plaintiff") is an inmate incarcerated with the State of Delaware Department of Corrections ("DOC") at the Delaware Correctional Center ("DCC").

2.   Plaintiff, appearing *pro se*, initially filed his Complaint on March 6, 2006 naming Thomas Carroll, Warden of DCC, ("Defendant Carroll" or "Warden Carroll") and "Correctional Services Medical" (sic) ("CMS") as defendants. (D.I. 2). On March 13, 2006, the Court granted Plaintiff's Motion to Proceed *in forma* pauperis. (D.I. 3). On June 13, 2006, Plaintiff's Complaint was dismissed as frivolous by the Court with leave to amend within 30 days. (D.I. 14).

3.   On July 26, 2006, Plaintiff filed a document titled "Motion to Admit Statement" which the Court construed as Plaintiff's First Amended Complaint.[1] ("Complaint"). (D.I. 21). Plaintiff then filed a Motion to Amend to add John Rundle as a Defendant

---

[1] In the interim, Plaintiff also filed a Motion for Temporary Restraining Order against Defendant CMS. After briefing on the Motion, it was denied by the Court on October 13, 2006. (D.I. # 32).

which was granted by the court on October 13, 2006. (D.I. 33).

4.    On November 3, 2006, Defendant Carroll executed a waiver of service. On December 18, 2006 Defendant Carroll filed a Motion to Dismiss. This is Defendant Carroll's Memorandum of Points and Authorities in support of his Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

3.    Plaintiff filed this action based on allegations that he was denied "proper medical care". (D.I. 21 at p. 2). Plaintiff alleges he was seen by medical staff on May 23, 2005[2] in response to a sick call request submitted by Plaintiff. Plaintiff's Complaint alleges that medical staff has continued to "deny [him] proper medical care by not following [his] requested medical procedures, blood works, etc." (D.I. 21 at p.2). Plaintiff indicates he "advised" several physicians and nurses about his alleged health problems as diagnosed by Veteran's Hospitals. (D.I. 21 at p.2). Plaintiff then goes on to allege that his grievances and sick call requests have gone unanswered by prison care givers and that prison care givers have been deliberately indifferent. The gravamen of Plaintiff's complaint is that he did not receive, in his estimation, "proper" medical care. (D.I. 21 at p. 2). As such, Plaintiff's claim properly sounds in medical negligence.

4.    Plaintiff appears to be filing an action pursuant to 42 U.S.C. 1983 alleging he received inadequate medical care. The Complaint names Defendant Carroll in the caption. Other than the caption, there is no other allegation directed at Defendant Carroll in the Complaint.[3]

---

[2] The Complaint states today, May 23, 2005, but the heading on the same page indicates May 23, 2006. Defendant Carroll is unclear as to which date Plaintiff is referring.

[3] Plaintiff's original Complaint filed on March 6, 2006 (D.I. 2) referred to Warden Carroll in the body of the Complaint. As previously discussed, however, this Complaint was dismissed by the Court as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)()(1) as it "did not adequately apprise the defendants of their alleged wrongful conduct, or the time or place where it allegedly occurred." (D.I. 14 at p. 3).

MEMORANDUM OF LAW

Defendant Carroll asserts that, accepting the allegations in the complaint as true and drawing all reasonable factual inferences in favor of Plaintiff, the Court cannot grant relief under any set of facts that could be proven by Plaintiff. He also alleges that the District Court lacks subject matter jurisdiction over any official capacity claim against him. Defendant Carroll is entitled to dismissal of the complaint against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**I.   THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO Fed. R. Civ. P. 12 (b) (6).**

**A.   Standard of Review**

In deciding a motion to dismiss, the Court must accept as true all material allegations of the complaint, and it must construe the complaint in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "The complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Though *pro se* pleadings are entitled to leniency, such pleadings must still place a defendant on notice as to what wrong he has supposedly committed. *Riley v. Jeffes*, 777 F.2d 143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed.").

**B.      The Plaintiff Fails to Allege Any Personal Involvement by Defendant Carroll and Consequently Fails to State a Claim Against Him in His Individual Capacity.** [4]

Regardless of the type of § 1983 claim, the plaintiff must show personal involvement by the defendants to succeed. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The allegations of personal involvement must also be pled with particularity, "stating the time, place, and persons responsible for the violations." *Brathwaite v. Carroll, et al.*, No. Civ. A. 04-1542, 2006 WL 839385 at, *4 (D. Del. March 29, 2006) (citing *Boykins v. Ambridge Area School Dist.*, 621 F.2d 75, 80 (3rd Cir. 1980). Plaintiff can not recover against a state defendant unless he can show some causal connection between that state defendant and the alleged wrongdoing. *Id*. Without identifying how he participated in, personally directed, or acquiesced in the events which Plaintiff claims deprived him of constitutional rights, Defendant Carroll cannot be held liable and dismissal is appropriate. *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990); *Rode, supra*.

Plaintiff's complaint not only fails to assert any personal involvement by Warden Carroll, it makes absolutely no mention of or reference to the state defendant other than in the caption. Even allowing for a very liberal reading of the Complaint and assuming that Plaintiff is attempting to name Warden Carroll because of his supervisory position as a prison official, this theory of liability would be based on *respondeat superior*. It is well established that the theories of *respondeat superior* and vicarious liability are not acceptable bases for liability under § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

---

[4] Plaintiff's complaint does not specify whether Plaintiff brings his claims against State Defendant in his official or individual capacity. For the purposes of this Motion, the State Defendant presumes that Plaintiff is suing the State Defendant in both his official and individual capacities.

4

Plaintiff makes a brief reference in his Complaint to numerous grievances and sick call requests that have gone unanswered by "prison care givers". (D.I. 21 at p.2). This assertion is contradicted by Plaintiff's previous statements that he was seen by CMS medical personnel and "advised" multiple medical professionals of his various alleged ailments. (D.I. 21 at p.2). The allegations are also contradicted by the record in this case. Defendant CMS attached documentation to its "Response to Motion for Temporary Restraining Order" indicating that Plaintiff is under the care of regular medical professionals and has seen these professionals in response to grievances he filed. (D.I. 22). Regardless, Plaintiff asserts absolutely no causal connection between Defendant Carroll and the alleged wrongdoing. Even if Plaintiff had alleged such connection, this Court has held that, "[g]rievances are not enough to impute knowledge to [a] defendant." *Brookins v. Williams*, 402 F.Supp.2d 508, 512 (D. Del. 2005) (quoting *Rode*, 845 F.2d at 1208)). Plaintiff's grievances and sick call requests do not impute knowledge or personal involvement to Warden Carroll.

Plaintiff's complaint is devoid of any allegations that Defendant Carroll had any personal knowledge of or involvement in the medical care of Plaintiff, and thus fails to allege any facts that could establish liability against Warden Carroll under §1983. Based on the above, Warden Carroll asks the Court to dismiss Plaintiff's action for failure to allege any personal involvement in Plaintiff's medical care, and thus, failure to properly state a claim against him.

### C. Plaintiff Fails to Allege Facts That Could Lead to an Inference of Deliberate Indifference to a Serious Medical Need by Defendant Carroll.

Plaintiff fails to plead any fact or make any allegation at all from which a finder of fact could infer Warden Carroll was deliberately indifferent to a serious medical need of the Plaintiff. To succeed in an Eighth Amendment claim of inadequate medical treatment, "a prisoner must show more than negligence; he must show 'deliberate indifference' to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988)). "A claim alleging medical malpractice or medical negligence is insufficient to present a constitutional violation." *Jordan v. State of Delaware, et al.*, 433 F.Supp.2d 433, 441 (D. Del. 2006) (citing *Estelle*, 429 U.S. at 106.)

To successfully pursue a § 1983 claim against a supervisory prison official, the plaintiff must identify with particularity what the prison official failed to do that demonstrates deliberate indifference and demonstrate a close causal relationship between the deficiency and the ultimate injury. *See Sample v Diecks*, 885 F.2d 1099, 1116-1118 (3d Cir. 1989). *See also Wilson v. Seiter*, 501 U.S. 294 (1991). The Supreme Court requires that the plaintiff demonstrate the prison official acted recklessly by consciously disregarding a substantial risk of harm to establish "deliberate indifference" on the part of that official. *See Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994) (adopting subjective recklessness standard from criminal law as the test for deliberate indifference under the Eighth Amendment). Although complaints by *pro se* incarcerated plaintiffs are read liberally, the Third Circuit has ruled that such leniency is inapplicable where the

6

complaint "does not so much as suggest that [a defendant] was aware of the alleged inadequacies in [the plaintiff's] medical treatment." *Spruill v. Gillis*, 372 F.3d 218, 236 FN 12 (3d Cir. 2004). The same scrutiny is applicable in this case.

The instant complaint fails to allege any involvement at all by Warden Carroll in Plaintiff's treatment. Plaintiff does not allege any obstruction by Defendant Carroll in his efforts to receive treatment or any interference with the recommendations of medical personnel. The complaint never suggests that Warden Carroll had any awareness of the plaintiff's medical complaints, let alone the requisite mental state for a finding of deliberate indifference. *See Waters v. Evans*, NO. CIV.A. 01-145, 2001 WL 1502870 (D. Del. Nov. 19, 2001) (finding no deliberate indifference by prison commissioner and prison warden where there was no evidence they had personal involvement in or knowledge of the alleged inadequate medical care).

Furthermore, Plaintiff's complaint is rooted in medical negligence. It is clear from the records attached to Defendant CMS' "Response To Motion for Temporary Restraining Order" (D.I. 22) that Plaintiff is receiving regular medical care by licensed doctors and nurses. Plaintiff is apparently unhappy with the treatment decisions of the medical personnel, but he admits he was seen by CMS medical personnel in response to a previously submitted sick call request. (D.I. 21, at p. 1). He admits he has been in touch with various medical personnel and "advised" them of his alleged various health problems. (D.I. 21, at p. 2). Plaintiff's dispute with the medical treatment provided by licensed doctors and nurses is a complaint which is at best a medical malpractice claim inappropriate for a § 1983 action.

Warden Carroll has met his obligation by providing access for the Plaintiff to licensed physicians and nurses, and he has in place a system whereby necessary medical treatment is provided. He has no duty to second guess medical determinations by licensed medical professionals, and as suggested by the Court in the *Spruill* decision, burdening prison officials with such a responsibility could ultimately undermine the medical care provided to prisoners. *Spruill,* 372 F.3d at 236.

Under the principles set forth by the Supreme Court and the Third Circuit, Plaintiff's complaint fails to allege facts that could lead to an inference of deliberate indifference to a serious medical need by Defendant Carroll. Accordingly, he respectfully requests this Honorable Court dismiss the complaint against him for failure to state a claim.

**II.    DEFENDANT CARROLL IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FOR CLAIMS BROUGHT AGAINST HIM HIS OFFICIAL CAPACITY AND THE CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1).[5]**

**A.    Standard of Review.**

When reviewing a facial attack on subject matter jurisdiction, the Court is required to accept all allegations in the complaint as true. *See Mortenson v. First Federal Sav. and Loan Assoc.*, 540 F.2d 884, 891 (3d Cir. 1977). A motion under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of a plaintiff's complaint. In the case *sub judice*, the Court is without jurisdiction to hear an official-capacity suit by operation of the Eleventh Amendment to the United States Constitution.

**B.    The District Court Lacks Subject Matter Jurisdiction Over Plaintiff's Official Capacity Claims against Defendant Carroll Because They are Barred by the Eleventh Amendment to the United States Constitution.**

---

[5] The Plaintiff has not specified whether Defendant Carroll is sued in his individual or official capacity.

Warden Carroll is entitled to Eleventh Amendment Immunity for claims brought against him in his official capacity as Warden of DCC. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." A suit against a state official in their official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

"The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). The United States Congress can waive the state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive the states' immunity will produce this result. *Seminole Tribe*, 517 U.S. at 55-56. No such clear intent can be seen in 42 *U.S.C.* §1983. In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity. The statute facially allows suits only to be brought against "persons." 42 *U.S.C.* § 1983.

Defendant Carroll, as the Warden of DCC is a state official acting under color of state law. A suit against Defendant Carroll in his official capacity as Warden is treated as a suit against the State. In his official capacity, he is not a "person" for purposes of 42 *U.S.C.* § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Federal District Court is without subject matter jurisdiction to hear Plaintiff's official-

capacity claims against Defendant Carroll. Therefore dismissal is appropriate.

### III. CONCLUSION

Plaintiff names Warden Carroll as a defendant in his Complaint but makes not allegations or assertions or any reference at all to the Warden in the Complaint. Plaintiff attempts to hold a non-medical prison administrator liable for alleged medical negligence in the absence of any factual allegation indicating that he had any personal knowledge or involvement or that he was deliberately indifferent. Based on the above stated arguments, Warden Carroll respectfully request that this Honorable Court dismiss Plaintiff's claims against him.

          **DEPARTMENT OF JUSTICE**
          **STATE OF DELAWARE**

          /s/ Stacey Xarhoulakos_____
          Stacey Xarhoulakos, # 4667
          Deputy Attorney General
          Department of Justice
          Carvel State Building
          820 N. French Street, 6th Floor
          Wilmington, De 19801
          (302) 577-8400

Dated: December 18, 2006          Attorney for Defendant Thomas Carroll

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed *Substitution of Counsel* with the Clerk of Court using CM/ECF.  I hereby certify that on December 18, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Charles F. Cardone
SBI #098159
Delaware Correctional Center
1182 Paddock Road
Smyrna, DE 19977

/s/ Stacey Xarhoulakos
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
stacey.xarhoulakos@state.de.us